PHILLIP A. TALBERT
United States Attorney
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>WALTER RYAN KEITH,<br><br>                    Defendant. | CASE NO.  1:19-CR-00197-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: June 15, 2022<br>TIME:  1:00pm<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on June 15, 2022.  On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California until further notice, and allows district judges to continue all criminal matters.  Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and other General Orders were entered to address public health concerns related to COVID-19 (for example, General Order 614—recently extended by General Order 649).

1    Although the General Orders and declarations of emergency address the district-wide health

2    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

6    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

8    findings on the record "either orally or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

11   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

14   § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

15   the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17   The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26   by the statutory rules.

27   In light of the societal context created by the foregoing, this Court should consider the following

28   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for status on June 15, 2022.

2.    By this stipulation, defendant now moves to continue the status conference until September 21, 2022, and to exclude time between June 15, 2022, and September 21, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case has been provided. The government has provided a plea offer to the defendant via counsel.

b)    The parties anticipate that this case will resolve by way of a plea agreement. However, if that does not occur, the parties will be prepared to select a trial date on or before the next scheduled status conference date.

c)    Counsel for defendant desires additional time to confer with his client about a possible resolution, to review discovery, and to otherwise prepare for trial.

d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)    The government does not object to the continuance.

f)    In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

It will be difficult to avoid personal contact should the hearing proceed.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 15, 2022 to September 21, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 3, 2022                           PHILLIP A. TALBERT
                                              United States Attorney

                                              /s/ JESSICA A. MASSEY
                                              JESSICA A. MASSEY
                                              Assistant United States Attorney


Dated:  June 3, 2022                           /s/ MARK W. COLEMAN
                                              MARK W. COLEMAN
                                              Counsel for Defendant
                                              WALTER RYAN KEITH

\
\
\
\
\
\
\

1

2                                    **ORDER**

3          The parties shall be prepared to select a mutually agreeable trial date at the next status

4   conference.

5          IT IS SO ORDERED.

6

7   DATED: 6/7/2022                          _Sheila K. Oberto_____
                                             Hon. Sheila K. Oberto
8                                            United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28